BUJALSKI *v.* METZLER MOTOR SALES COMPANY.

1. APPEAL AND ERROR—ADMISSIBILITY OF EVIDENCE—SEPARATE RECORD.

A party to an action at law may not claim error in regard to materiality or relevancy of testimony of which no special record or request to make a separate record was made and no explanation or justification for failing to do so given, since the Supreme Court is in no position to pass upon the admissibility of evidence which might have been offered (Court Rule No 37, § 15 [1945]).

2. SAME—PURPOSE OF SEPARATE RECORD.

The purpose of the court rule, with respect to law cases, and of the statute, with respect to chancery cases, providing for a separate record and declaratory of the common-law practice, is to provide the trial judge with an accurate and informative picture of facts to be offered or sworn to, thereby enabling more intelligent rulings in both trial and appellate courts upon evidentiary as well as substantive questions (CL 1948, § 617.5; Court Rule No 37, § 15 [1945]).

3. SAME—QUESTIONS REVIEWABLE—DEATH ACT—SUPPORT OF PARENT BY MINOR AFTER REACHING MAJORITY.

Whether or not a dependent parent in need of support can recover in a death action where the child has an established income and a record of contributing to the support of the parent for a period after the minor, for whose death an action is brought

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 3 Am Jur, Appeal and Error §§ 587, 588.

under the death act, has attained his majority, is not determined, where no separate record as to evidence claimed to present such issue was made or requested (CL 1948, § 691.581 *et seq.*; Court Rule No 37, § 15 [1945]).

Appeal from Bay; Louis (David R.), J. Submitted June 6, 1958. (Docket No. 41, Calendar No. 47,163.) Decided September 9, 1958. Rehearing denied October 13, 1958.

Case by Anna Bujalski, administratrix of the estate of Raymond B. Bujalski, against Metzler Motor Sales Company, a corporation, under the death act for damages resulting from reckless operation of demonstrator automobile. Verdict and judgment for plaintiff. Plaintiff's motion for partial new trial limited to damages denied. Plaintiff appeals. Affirmed.

*Oscar W. Baker,* for plaintiff.

*Smith & Brooker,* for defendant.

Kavanagh, J. Plaintiff brought this action in the circuit court under the death act (CL 1948, § 691.581 *et seq.* [Stat Ann § 27.711 *et seq.*]) to recover for funeral and burial expenses and other pecuniary injuries resulting from such death.

Plaintiff's decedent was the 18-year-old son of plaintiff. He was single and lived on the family farm with plaintiff, his widowed mother, and another brother, Ronald, 20 years of age. Plaintiff's decedent had a regular job at the Bay City Bank earning $75 semimonthly. After coming home from the bank, it was usual for the deceased, from the beginning of the crop season until fall, at least, to have his supper and then work in and about the farm from approximately 6 to 10 p.m.

The income from the farm was plaintiff's only means of income, and the work of the 2 sons, it is claimed by plaintiff, produced the income from the farm which supported her.

Deceased had been regularly contributing his services about the farm since the age 11 or 12. After he graduated from high school in June he stayed on the farm with his mother until October when the close of the planting and harvesting season was reached. Deceased then sought employment in the city. He worked at different positions until he obtained employment with the Bay City Bank. He continued to live at home with his mother, paid no room or board, and his mother took care of his washing. Deceased, without objection from plaintiff, retained all of his earnings, except he paid plaintiff $50 semimonthly to repay $1,200 loaned to him by his mother for the purpose of purchasing an automobile.

Plaintiff was the sole owner of an 80-acre farm, all tillable land, and completely equipped with farm machinery, including 2 tractors and all of the necessary tools for the proper cultivation of the farm. In addition she leased 40 acres of a neighbor's farm.

Plaintiff mother testified that at the time her son began working in the city she advised him that she did not need money, that he could keep his earnings, and that this situation was true up to the time of his death.

On June 3, 1955, plaintiff's decedent and a friend went to defendant's showroom to see the new Mercury automobiles. Defendant's salesman offered to demonstrate a new automobile to plaintiff's decedent and his friend. In attempting to show them how quickly the automobile could pick up speed from a standing start, he began with a squeal of tires and accelerated the automobile until it reached speeds up to 100 miles per hour within a mile. The

automobile failed to negotiate a sharp curve, smashed through a guardrail, overturning and instantly killing plaintiff's decedent.

Plaintiff was 57 years of age, weighed 138 pounds, and testified at the time of trial in circuit court that she was in good health and had been in good health for a number of years.

It was plaintiff's contention that the income from the farm was her only means of income and that the 2 sons worked the farm to help support her. It was plaintiff's further contention that she needed these services and contributions toward her support and that she had no other means of support.

When plaintiff offered to prove her pecuniary injury and loss beyond age 21 of deceased, the trial judge refused to permit such evidence on the ground that it was contrary to Michigan law. Plaintiff, through her attorney, made a statement that she desired to offer proof of the pecuniary injury and loss beyond the time deceased would have been 21 years of age. However, no separate record of this proof was made, and no request for the opportunity to make such record was submitted. The issue of damages was limited to the minority of deceased when submitted to the jury. Plaintiff had verdict for $4,200 on this issue.

Under the court rule* plaintiff filed motion for a partial new trial, limited to damages beyond the 21st year of deceased for the benefit of the dependent parent. The trial court filed a written opinion, and subsequently entered an order denying said partial new trial.

Appellant appeals to this Court, asking partial new trial, limited to damages for the dependent parent subsequent to the time the plaintiff's decedent would have been 21 years of age.

---

* See Court Rule No 47, § 2 (1945).—REPORTER.

It is the contention of plaintiff that the trial court erred in refusing to permit testimony to be submitted to the jury which would involve presentation of damages for the death of a minor beyond age 21 years, where the following elements of proof appeared in the evidence:

"1. A dependent parent in need of support.

"2. A minor child with an established earning capacity.

"3. Such minor child making customary contributions of services or moneys toward the support of such dependent parent at the time of death."

Defendant contends that it is not the law in Michigan that recovery can be had under the circumstances mentioned, and that the evidence produced with reference to the situation at the time of plaintiff's decedent's death would not support such a contention, and the offer of proofs would not so support.

This Court is in no position to pass upon the admissibility of evidence which might have been offered. It is in no position to know what the evidence would actually have been since no separate record was made, since no request was made to make a separate record in the circuit court, and no explanation or justification for failing to do so is presently offered.

Under Court Rule No 37, § 15 (1945), it was plaintiff's right and duty, if she cared to preserve questions for appeal, not only to offer the evidence, but also to make a separate record in regard to the material facts so that this Court might know whether the material was admissible, and whether the proofs would have been sufficient to justify the submitting of the question plaintiff desired to the jury. This court rule makes applicable to jury law cases the substance of the statute applying to chancery cases (CL 1948, § 617.5 [Stat Ann § 27.853]).

In the case of *Gilchrist* v. *Gilchrist,* 333 Mich 275, 282, this Court made reference to a quotation from *Counihan* v. *Hayes,* 246 Mich 390, 392, 393, in *Kerns* v. *Kerns,* 303 Mich 23, 33, where it was said:

" 'Counsel should have taken such testimony under the provisions of CL 1915, § 12493, or at least have asked the court for leave to do so. It was not sufficient to state upon the record what the testimony would show and then rely upon an exception to its exclusion. Had the practice been followed we would now have such testimony, and, if material and competent, could use it. One purpose of the statute is to prevent hearing chancery appeals piecemeal, and we decline to reverse the decree for the reason mentioned, and to remand the case to take further evidence.' "

The Court there also cited the case of *Gross* v. *Housner,* 322 Mich 448, and then said (p 283):

"Defendant made no effort to make a special record, nor was she denied the opportunity to make one. Under the circumstances, defendant is not in a position to claim error in regard to materiality or relevancy of testimony of which no special record was made."

The same question was before this Court in *Serbinoff* v. *Dukas,* 348 Mich 69. On page 74 Justice BLACK said as follows:

"In the absence of such eminently proper practice as reflected in the cited decisions, we are unable to appraise for evidentiary worth that which defendant says the chancellor refused to receive."

Justice BLACK then quotes from the *Kerns Case,* above mentioned, and refers to most of the same citations we have heretofore given.

Section 15 of Court Rule No 37 (1945) is but declaratory of the common-law practice.

In the law case of *Reynolds* v. *Continental Insurance Co.*, 36 Mich 131, 144, Justice GRAVES said:

"In submitting propositions of proof it is requisite that counsel should be distinct and clear. A proposition should embody the specific fact or facts in such connection and in such terms as to be apprehended and ruled in the intended sense by the trial judge, and be examined and applied in the appellate court in the proper light to test the accuracy of the ruling if an adverse one."

In a later law case, *Campbell* v. *Brown,* 276 Mich 449, 456, Justice BUSHNELL said:

"The better practice would be to excuse the jury and in its absence permit counsel to make an offer of proof, thereby including in the record sufficient information to permit a review of the propriety of the court's ruling. See *Scripps* v. *Reilly,* 38 Mich 10, and *In re Fine's Estate,* 249 Mich 391."

Section 15 of Court Rule No 37, applicable as it is to law jury cases, and the statute (CL 1948, § 617.5 [Stat Ann § 27.853]), applicable as it is to chancery cases, were each adopted in furtherance of a common purpose, that of providing the trial judge with an accurate and informative picture of facts to be offered or sworn to, thus to enable more intelligent rulings below and here upon evidentiary as well as substantive questions.

In the instant case the offer of proof was not sufficient for either the trial court or this Court to pass upon its admissibility.

The Court has not considered the question of whether a dependent parent in need of support can recover in a death action where the child has an established income and a record of contributing to the support of the parent for a period after deceased is 21 years of age.

The appeal for a reversal of the order denying a partial new trial is denied. The judgment of the trial court is affirmed, with costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.