HERNDON v. WOODMEN OF THE WORLD
LIFE INSURANCE SOCIETY.

1. APPEAL AND ERROR—ADMISSIBILITY OF EVIDENCE—SEPARATE REC-
ORD.
    A party to an action at law may not claim error in regard to
    admission of excluded testimony of which no special record
    or request to make a separate record was made and no ex-
    planation or justification for failing to do so given, since
    the Court of Appeals is in no position to pass upon the
    admissibility of such evidence which might have been offered
    (GCR 1963, 604).

2. INSURANCE—ACCIDENT—EVIDENCE—QUESTION FOR JURY.
    The issue of whether or not fatal injuries of decedent insured
    were effected through accidental means was properly for jury
    and could have supported its verdict either way, under proper
    instructions, where answer placed his intent in question and
    evidence adduced showed decedent had driven east upwards
    of 3 miles in the southerly lane for westbound traffic on
    divided highway having 3 lanes for westbound and 3 lanes for
    eastbound traffic, at or above the posted speed limit, ran
    several red traffic lights, and was avoided by several cars
    which swerved, before colliding head on with another car.

3. APPEAL AND ERROR—ASSIGNMENT OF ERROR—INSTRUCTIONS—OP-
PORTUNITY TO OBJECT.
    An appellant is not precluded from assigning error on the giving
    or failure to give instructions notwithstanding he had not
    objected thereto before the jury retired, where the trial judge
    had not afforded him an opportunity to make such objection
    (GCR 1963, 516.1, 516.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 493, 516, 518.
[2] 53 Am Jur, Trial §§ 219, 229.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 29A Am Jur, Insurance § 1956.

4. INSURANCE — ACCIDENT — INSTRUCTIONS — AUTOMOBILES —
   WRONG SIDE OF ROAD.
      Instruction in action for double indemnity for accidental death
         that limited jury to foreseeability and natural and probable
         results of decedent insured's conduct in driving for upwards
         of 3 miles eastbound on the southerly lane of 3 lanes for
         westbound traffic during early morning hours before colliding
         head on with another car *held*, reversible error, since jury
         should have been allowed to consider all of the acts preceding
         death in determining from the evidence whether deceased drove
         as he did knowingly or by mistake.

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted Division 2 January 14, 1965, at Lansing.
(Docket No. 235.) Decided May 17, 1965.

Action by Josephine Herndon against Woodmen
of the World Life Insurance Society for benefits un-
der double indemnity clause in life insurance policy.
Verdict and judgment for defendant. Plaintiff ap-
peals. Reversed and remanded for new trial.

*Neale & Steeh* (*Robert F. Cella*, of counsel), for
plaintiff.

*Joslyn, Joslyn & Dean* (*Alan W. Joslyn* and *John
W. Appleford*, of counsel), for defendant.

T. G. KAVANAGH, P. J. This is a suit to collect the
additional amount claimed to be due on a life insur-
ance contract which provided for such payment when
the insured died as the "result of bodily injury ef-
fected solely through external, violent and acci-
dental means".

The insured died as a result of injuries received
in an automobile collision and it is therefore not in
dispute that the *"means"* of the injuries were ex-
ternal and violent; the question is were they "ac-
cidental".

It appears from the testimony that the deceased
drove east on Eight Mile road in a westbound lane

and collided practically head on with another car. Eight Mile road is a divided highway having three westbound lanes on the north side of the median and three eastbound lanes on the south side. The deceased drove east at or above the posted speed limit in the southern-most of the westbound lanes for three miles or more and ran several red lights according to the testimony. Several cars swerved to avoid the deceased and some blew their horns to warn him.

The declaration set up the insurance, collision, injuries and death, and lack of reason of deceased to embark on a course of action voluntarily and knowingly which would lead to serious injury to himself.

The defense affirmatively asserted that the collision, injuries and death were the direct result of the voluntary, intentional and grossly negligent acts of the decedent and hence not an accident within the meaning of the contract.

The case was submitted to a jury which returned a verdict of no cause for action and it is here on appeal on four allegations of error:

1. The trial court should have directed a verdict or given judgment notwithstanding the verdict.

2. The trial court should have allowed testimony setting forth decedent's statements upon recovery of consciousness which statements were intended to show decedent had no desire to subject himself to danger.

3. The trial court should have advised counsel of the proposed action on requested instructions pursuant to GCR 1963, 516.1.

4. The trial court should not have instructed the jury that if the decedent should have or could have foreseen the danger involved in his driving the plaintiff could not recover.

The appellee maintains that the appellant's failure to object to the court's instructions as provided in

GCR 1963, 516.2 precludes his assertion of error in regard thereto.

To dispose of the less complicated matters first, we say that the second allegation of error does not admit of our consideration because no separate record was made. The case of *Bujalski* v. *Metzler Motor Sales Company* (1958), 353 Mich 493, spells out the rule in this regard and the reasons therefor, and though it deals with the former Court Rule No 37, § 15 (1945), the provisions of this rule are now in GCR 1963, 604.

Turning to the matter of a directed verdict or judgment notwithstanding the verdict, we find no reversible error.

Whether or not the decedent's injuries were effected through "accidental means" was properly a jury question. The answer placed in question the intent of the decedent and this could, with propriety, be decided only by the jury.

At the conclusion of testimony the court was correct in refusing the respective requests for direction of the verdict. The testimony supported the theories pleaded and from the testimony, under proper instruction, the jury could have found from the evidence that decedent's injuries were effected by accidental means or that they were not so effected.

Appellant's third and fourth assignments of error deal with the instructions. Although the appellant failed to comply with GCR 1963, 516.2, he is not precluded from making such assignments of error on appeal because the record does not show that the court complied with GCR 1963, 516.1 in affording the parties the opportunity to object.

In response to the defendant's request the court instructed:

"If you find that the deceased, in driving against the flow of traffic on Eight Mile road, in the city of Warren, during the early morning hours for a

distance of at least three miles had a head-on colli-
sion with a car which was traveling in the opposite
direction at a normal, lawful speed, and if you find
that any reasonable man should have foreseen the
natural and probable result of such a course of ac-
tion then you *must* find that the injuries were not
caused by an accident and that plaintiff cannot re-
cover under the policy."    (Emphasis added.)

This does not correctly state the law.

"Foreseeability", and "natural and probable re-
sults" are not the only elements of accident—all
of the external acts preceding the death must be
considered.   The determination must be made (by
the jury) whether the external acts preceding the
death in view of the circumstances of this particular
case should be considered accidental.   *Ruona* v.
*New York Life Insurance Company* (W D Mich), 68
F Supp 923.

Several elements of accident and the relationship
among them are considered in the case of *Ashley* v.
*Agricultural Life Insurance Company of America*
(1928), 241 Mich 441 (58 ALR 1208), wherein a judg-
ment for a double indemnity under a contract similar
to the contract in this case was ordered by the Su-
preme Court.   This case involved a decedent who
became lost while hunting and froze to death.   The
Court said at page 444:

"The authorities are not in harmony with respect
to a distinction between accidental death and death
by accidental means, but, conceding the distinction,
we find no difficulty here under the rule above quoted.
The authorities are quite in accord in holding that
where one has fallen into water involuntarily and
drowned, the death is through external, violent, and
accidental means.   Water is not an accident.   But
the fall which preceded the drowning, being unfore-
seen, unexpected, accidental, the water connected
with the fortuitous mishap, the fall, became the ac-

cidental means, the instrument of death. So here, insured became lost accidentally, and thereby suffered accidental and enforced exposure to storm and frost and thereby died. The storm and frost were, in the season of the year and in this latitude, usual incidents of weather. They were not accidental. 1 CJ, Accident, § 3, p 391. But because of insured's accidental exposure to them, the storm and frost so joined with the exposure became the accidental means of death. We see no difference in principle where one mistakenly and fortuitously loses his way and falls into water to his death, and where one mistakenly and fortuitously loses his way in the forest and thereby falls, a victim of the elements."

Here if the deceased turned on the wrong side of Eight Mile road by accident or mistake, the rest of his driving and the collision would be "fortuitous" and "accidental" within the definition and usage of Ashley.

Applying the rule of Ashley to the case at hand, the jury should have been instructed to determine from the evidence whether the deceased drove as he did knowingly or by mistake because this would determine whether or not his death was by accidental means. The instruction complained of does not require the jury to determine the fact that controls this case.

Reversed and remanded for a new trial. Costs to appellant.

McGregor and Quinn, JJ., concurred.