KWAISER v. PETERS.

1. DISCOVERY—DEMANDS—INSURANCE—JURY.
   Plaintiff in an action under dramshop act, in attempting to secure information as to whether prospective jurors, along with insurers, are interested in the result of the case *held*, not authorized to use a new procedural device entitled a "demand," to secure such information from defendant under oath, since he should have adopted one of several established discovery techniques provided by the general court rules (CLS 1961, § 436.22).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VOIR DIRE—INSURANCE—JUROR'S QUESTIONNAIRE.
   Plaintiff's contention that trial court erred in failing to ask two *voir dire* questions submitted by plaintiff relating to the jurors' direct or indirect relationship to defendant's insurer cannot be passed upon by the Court of Appeals, since the record does not contain a transcript of the *voir dire*.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur 2d, Depositions and Discovery §§ 155–157, 164, 165.
[2] 4 Am Jur 2d, Appeal and Error §§ 404, 491.
[3] 53 Am Jur, Trial § 31.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 604.
[5] 30 Am Jur, Intoxicating Liquors §§ 547, 556.
[6] 30 Am Jur, Intoxicating Liquors § 556.
[7] 5 Am Jur 2d, Appeal and Error § 545.
[8] 5 Am Jur 2d, Appeal and Error § 623.
   30 Am Jur, Intoxicating Liquors § 556.
[9] 30 Am Jur, Intoxicating Liquors § 556.
   53 Am Jur, Trial § 676.
[10] 53 Am Jur, Trial § 906.
[11] 31 Am Jur, Jury §§ 136, 142, 143.

3. Trial — Segregation of Witnesses — Action Under Dramshop Act — Discretion of Court.

Grant by trial court of defendant's motion for segregation of witnesses over objection of plaintiff, in action under dramshop act, *held,* not an abuse of discretion, where plaintiff does not show in what respect his case was prejudiced by grant of the motion, since in civil cases the exclusion of witnesses from the courtroom during trial rests in the sound discretion of the trial court (CLS 1961, § 436.22).

4. Appeal and Error—Evidence—Offer of Proof—Saving Question for Review.

Plaintiff's contention that the trial court erred in sustaining defendant's objections to the admission of certain testimony and exhibits in action under dramshop act *held,* without merit, where at the time court made its rulings plaintiff made no offer of proof, and, therefore, failed to preserve evidentiary issues for appeal (CLS 1961, § 436.22; GCR 1963, 604).

5. Intoxicating Liquors—Contributory Negligence—Saving Question for Review.

Plaintiff's contention that trial court committed reversible error in permitting defendant to interject the issue of contributory negligence in an action for damages under the dramshop act *held,* not supported by the record, where no objection was interposed to line of inquiry as continued after objection had been made (CLS 1961, § 436.22).

6. Appeal and Error — Objections — Discretion of Court — Fair Trial.

Plaintiff's contentions that trial court erred in allowing improper testimony and improper examination techniques in action under dramshop act *held,* without merit, where record indicates plaintiff failed to make timely objections to much of the alleged improper testimony or alleged misconduct of defendant's attorney, and the trial court did not abuse his duty to provide a fair trial for both parties (CLS 1961, § 436.22).

7. Same — Instructions — Objections — Saving Questions for Review.

Plaintiff is precluded from raising objections on appeal to instructions given or the failure to give requests to charge, where trial court after conclusion of instructions, excused jury, and permitted counsel to make objections which plaintiff failed to do as to most matters now assigned as error.

8. SAME—INSTRUCTIONS—ASSIGNMENTS OF ERROR.

Plaintiff's contention that trial court erred in its charge to the jury in action under dramshop act *held,* without merit, the assignments of error not having been made known to the judge before the jury retired, and the record clearly shows that the charge to the jury was correct as a matter of law and clearly defined the issues (CLS 1961, § 436.22; GCR 1963, 516.2).

9. INTOXICATING LIQUORS—BURDEN OF PROOF—INSTRUCTIONS.

Objection that trial court should have explained to jury in action under the dramshop act the difference between the burden of proof in a criminal case and in a civil case *held,* untenable, where record shows trial judge did explain the difference in the burden of proof in the 2 types of cases (CLS 1961, § 436-.22).

10. JURY—FRATERNIZATION BETWEEN PARTY AND JUROR.

Fraternization between defendant, his counsel, and one of the jurors in defendant's tavern shortly *after* jury returned a verdict of no cause of action in an action for damages under the dramshop act *held,* not ground for reversal, although it was an indiscretion (CLS 1961, § 436.22).

11. JURY—QUESTIONNAIRES—FALSE ANSWERS—CHALLENGES.

Giving of false answers on the "juror personal history questionnaire" by one of the jurors in action under dramshop act *held,* not to be granted for new trial, where juror was given no opportunity to explain the discrepancies in the questionnaire, since the purpose of the questionnaire was to "provide a basis for intelligent challenging" (CLS 1961, § 436.22; GCR 1963, 510).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 October 6, 1966, at Grand Rapids. (Docket No. 1,255.) Decided February 28, 1967. Leave to appeal granted June 8, 1967. See 379 Mich 765.

Declaration by Gerald F. Kwaiser, Jr., against Charles B. Peters, doing business as Peter's Bar, and others for damages sustained by plaintiff under the civil damages provision (dramshop act) of the liquor control act. Other defendants dismissed before trial. Judgment for defendant. Plaintiff appeals. Affirmed.

*Joseph J. Trogan,* for plaintiff.

*Stanton, Taylor, McGraw & Collison (John David-son,* of counsel), for defendant.

Burns, P. J. Plaintiff appeals from an adverse jury verdict and judgment in an action brought under CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993).

On the evening of February 17, 1962, Harvey Krause was at the defendant's bar (Peter's Bar, Saginaw, Michigan) for approximately 2 hours. The number of drinks served to him by the defendant's employees during that time was disputed. Testimony offered by the plaintiff and by the defendant conflicted as to whether Krause was served intoxicating liquor in defendant's establishment while under the influence of alcohol. After leaving Peter's Bar, Krause drove his automobile into the left rear door of a car parked diagonally across the street from the defendant's bar and injured the plaintiff.

Plaintiff alleged that defendant was liable under the provisions of the above cited statute, commonly called the dramshop act. The jury rendered a verdict of no cause of action, and plaintiff's motions for new trial and judgment notwithstanding the verdict were denied.

On appeal the plaintiff has used a "shotgun approach" in stating the questions involved:

"Was there prejudicial error committed which would support plaintiff's motion for new trial that was denied by the trial court?

"Was there reversible error committed by the trial court upon its denial of plaintiff's motion for a judgment notwithstanding the verdict?"

The plaintiff has filed a 99-page brief and has left it to this Court to sift out the specific grounds of error allegedly committed by the trial court.

We could utilize the same approach in this opinion and say:

In the light of the conflicting testimony presented in this case the trial court was correct in denying plaintiff's motion for judgment notwithstanding the verdict; and

We have carefully reviewed the evidence and must reject plaintiff's plea that the verdict is against the great weight of the evidence.

However, we will attempt to discuss the specific grounds of alleged error.

The plaintiff served 2 "demands" upon the defendant before trial. The "demands" were identical and read as follows:

"Now comes the plaintiff by the plaintiff's attorney, Joseph J. Trogan, and demands that the defendants, under oath, inform the plaintiff of the names and addresses of any prospective juror and/or any immediate member of the family who is a policyholder or stockholder of any insurance company which issued a policy of insurance concerning, relating and/or covering the matters in the above entitled case; the names and addresses of said persons who are related, business and/or social acquaintances of the defendants' witnesses and/or the defendants' attorneys; the names and addresses of said persons who are, or have been, hired, retained or represented by the said insurance company, the defendants and/or the defendants' attorneys; and the names and addresses of said persons who are, or have been, officers, agents, representatives, investigators and/or employees of the said insurance company, the defendants and/or the defendants' attorneys."

Defendant failed to respond to these "demands" and at trial plaintiff moved the court to require defendant to respond to them. The court denied the motion, stating that the juror questionnaires were broad enough and that plaintiff could make investigation of the jurors. Plaintiff claims the denial of this motion was error. The "demands" were allegedly drafted in conformity with the procedure suggested by *Darr v. Buckley* (1959), 355 Mich 392. To be sure, on page 397, Justice BLACK said:

"There is no reason why the questing plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand."

These words of advice, however, cannot be interpreted as authorizing the use of a new procedural device, entitled a "demand." If counsel wanted to discover the insurance companies' relations to the prospective jurors, witnesses, or parties, he should have adopted one of the several established discovery techniques of the General Court Rules.

Prior to trial plaintiff submitted a list of *voir dire* questions for the judge to ask the jury. Two of the questions related to the jurors' direct or indirect relationship to the Wolverine Insurance Company. The trial judge informed the parties that in his opinion the jurors' questionnaires afforded either party sufficient information as to insurance affiliations and that the questions were not necessary.

The remainder of the questions with which we are concerned pertained to whether the jury would be for or against certain propositions of the law. The record shows that immediately before the trial, counsel for both sides and the court started to dis-

cuss the advisability of asking some of these questions, but never concluded exactly which questions were not going to be asked and which ones were going to be covered in substance but not in the requested form. Since there is no transcript of the *voir dire* examination, we are in no position to pass judgment on this matter.

On the second day of trial the defendant moved for segregation of the witnesses. The trial court granted the motion to segregate over plaintiff's objections. " 'In civil cases the exclusion of witnesses from the courtroom during trial rests in the sound discretion of the trial court.' " *Coburn* v. *Goldberg* (1949), 326 Mich 280, 284. Plaintiff does not show in what respect his case was prejudiced by the court's action. We find no abuse of discretion or error.

Plaintiff complains that the trial court erred in sustaining defendant's objections to the reception of the testimony and exhibits. At the time the court made its rulings the plaintiff did not make an offer of proof. See GCR 1963, 604. It is apparent that these evidentiary issues were not preserved for appeal. *Bujalski* v. *Metzler Motor Sales Company* (1958), 353 Mich 493; *Herndon* v. *Woodmen of the World* (1965), 1 Mich App 141.

Plaintiff's claim that defendant interjected a false issue which prejudiced plaintiff's case is unfounded. Upon cross-examination of Gerald Kwaiser, defense counsel was on the verge of asking questions to support defendant's allegation of contributory negligence, when the attorney for the plaintiff objected on the ground that contributory negligence has no place in an action brought under the dramshop act. After counsel argued this issue, the court concluded:

"The court would grant the motion insofar as the affirmative defense of contributory negligence is concerned, but I would rule at this time that the defense counsel does have a right to place before the jury any evidence he may have which would show that the drinking was not a contributing cause of the injury under the cases."

Immediately thereafter cross-examination continued on a course which might be interpreted as an attempt to prove contributory negligence, but plaintiff made no objection to this line of inquiry, so we will not consider whether or not this was error. No other alleged violations of the trial court's ruling have been brought to our attention.

The plaintiff also complains of the court's alleged allowance of improper testimony and defendant's improper examination techniques. To set forth every instance of alleged error cited by the plaintiff would unduly lengthen this opinion. Suffice it to say that we find no error, for it appears that the plaintiff failed to make timely objections to much of the alleged improper testimony or the attorney's alleged misconduct and that the trial judge never abused his duty to provide a fair trial for both parties.

Plaintiff has assigned as error the giving or the failure to give several instructions. At the conclusion of instructions but before directing the jury to begin their deliberations, the trial court excused the jury and permitted counsel to make objections to the instructions on the record. Most of his assignments of error were not made known to the trial court at that time, and therefore plaintiff is precluded from raising his objections in this Court. GCR 1963, 516.2.

Three timely objections were made. One was that the trial judge should have explained the difference between the burden of proof in a criminal

case and in a civil case. Contrary to the plaintiff's claim, the record shows that the trial judge did explain the difference in the burden of proof in the 2 types of cases.

The 2 remaining objections to instructions were once again "shotgun" type approaches which are without merit. The charge to the jury was correct as a matter of law and clearly defined the issues.

Shortly after the jury was dismissed one of the jurors, Rufus Thomas, was seen sitting and drinking in defendant's bar with the defendant and counsel who conducted the case. It undoubtedly was an indiscretion on the part of these persons to associate with the juror, but mere association with a juror *after* the trial is not sufficient proof of misconduct so as to warrant reversal. See *Hoskin-Morainville Paper Co.* v. *Bates Valve Bag Corp.* (1934), 268 Mich 443.

It also coincidentally appears that this same juror gave false answers on the "juror personal history questionnaire." See GCR 1963, 510. The juror listed a nonexistent company as his automobile insurance carrier. He also stated on the questionnaire that he had never been a party to any suit, either civil or criminal, when in fact he had been cited for several moving traffic violations, had been sued a number of times in municipal court and had filed a petition in bankruptcy. Plaintiff claims that the juror's failure to disclose the truth of these matters is a sufficient reason for granting a new trial. We disagree.

The committee notes to GCR 1963, 510 indicate that the juror questionnaire was designed to "provide a basis for intelligent challenging." Plaintiff does not argue that he would have challenged the juror in question had the erroneous responses been revealed prior to trial.

It is interesting to note that the juror was limited to a seventh grade education and that he was not called to explain the discrepancies in the questionnaire. In answering the questionnaire he stated that he had insurance and listed the company as "Fenix Insurance Company." The problem remains: Did the juror misspell the company name or, as plaintiff implies, was he uninsured? Plaintiff has neglected to inform us and evidently has not attempted to ascertain this information. The juror admitted he had been involved in an automobile accident and that his wife had been involved in an accident. Surely these are pertinent answers calling for additional exploration by counsel. However, counsel did not pursue this leading information. It can also be observed that the juror originally answered question 43 on the questionnaire, which was: "Have you ever been convicted of a crime or misdemeanor (other than for a nonmoving traffic violation)?" with a "Yes" answer. This was erased and answered, "No."

There may be an explanation for these discrepancies, but evidently counsel was not interested in an explanation but only in creating error. Plaintiff has not convinced this Court that he was unduly prejudiced by juror Thomas' answers to the jury questionnaire.

Judgment affirmed. Costs to appellee.

Fitzgerald and T. G. Kavanagh, JJ., concurred.