COUNIHAN *v.* HAYES.

1. FRAUDULENT CONVEYANCES—DEED GIVEN BY HUSBAND TO WIFE TO
   CORRECT MISTAKE NOT IN FRAUD OF CREDITORS.
   Where a deed to husband and wife, executed pursuant to the
   terms of a land contract and placed with a bank for delivery
   on payment of the last note given by them in payment thereof,
   was lost, and vendors, by mistake, executed a new deed to the
   husband alone, a deed by him to his wife, executed more than
   a year before his insolvency, so far as it was intended to cor-
   rect said mistake, is to be treated the same as though the first
   deed had not been lost and had been delivered to them as of
   the date of tender of payment of the final note, and was not
   an effort, on the eve of insolvency, to hinder, delay, or defraud
   creditors.

2. SAME—CONSIDERATION.
   Where the consideration paid by the wife for the husband's un-
   divided one-half interest was not grossly inadequate, and, at
   the time the deed was executed, more than a year before he
   made an assignment for the benefit of creditors, it is question-
   able whether he was insolvent, it cannot be said that it was
   executed for the purpose of defrauding his creditors.

3. APPEAL AND ERROR—EXCLUDED TESTIMONY SHOULD HAVE BEEN
   TAKEN UNDER STATUTE.
   Where the court below excluded offered testimony, counsel should
   have taken it under 3 Comp. Laws 1915, § 12493, or at least
   have asked the court for leave to do so, and where this was
   not done the Supreme Court will not reverse the decree and
   remand the case for the purpose of taking said testimony; the
   purpose of the statute being to prevent hearing chancery ap-
   peals piecemeal.

Appeal from Iron; Collingwood (Charles B.), J.,
presiding. Submitted January 23, 1929. (Docket
No. 2, Calendar No. 33,726.) Decided March 29,
1929.

Bill by John Counihan, assignee of James P. Hayes for benefit of creditors, against James P. Hayes and another to set aside a deed by James P. Hayes to Anna Hayes, his wife. From decree dismissing bill, plaintiff appeals. Affirmed.

*Fred Murphy* and *C. D. Dwyer* (*L. A. Lyon,* of counsel), for plaintiff.

*M. S. & H. J. McDonough,* for defendants.

WIEST, J.   January 20, 1925, defendant James P. Hayes made an assignment for the benefit of his creditors. The assignee filed the bill herein to set aside a deed executed by Mr. Hayes on January 11, 1924, conveying to his wife a three-fourths interest in a lot in the village of Iron River, upon which there was a store building, claiming the transaction was in fraud of creditors. The circuit judge, upon hearing the evidence, dismissed the bill, and plaintiff appealed.

We are in agreement with the decree in the circuit, and will state our reasons.

For several years, and up to the time of the assignment, Mr. Hayes had conducted a meat market and grocery store in the building upon the premises in suit.   October 12, 1903, John and Annie Stack deeded the property in suit to George E. Smith and James P. Hayes.   January 9, 1919, Smith and wife executed a contract for the sale of the Smith interest in the property to James P. Hayes and Anna Hayes, his wife, and also executed a deed to like effect, and, in April, 1919, delivered the contract and deed to the First National Bank of Iron River, to be turned over to the grantees when certain notes, given for the purchase price, were paid at the bank.   In October, 1923, the last note was due and the grantees

ready to make payment upon delivery of the deed. The deed could not be found, and Smith and his wife executed a new deed to James P. Hayes as grantee. Mr. Hayes declined to accept such a deed, and defendants claim that an attempt was made by the grantors' agent to cure the error by inserting Mrs. Hayes' name as a grantee. Mr. and Mrs. Hayes took the deed to an attorney and explained the matter to him, and, upon his advice, Mr. Hayes executed the deed in suit. The deed was not an effort, on the eve of insolvency, to hinder, delay, or defraud creditors, and, so far as it was intended to cure the mentioned error and save to Mrs. Hayes what she was entitled to have under the Smith contract, it is to be treated the same as though the deed executed by the Smiths in 1919 had not been lost and had been delivered in 1923. The deed in suit not only corrected the mentioned mistake, but also conveyed the undivided one-half interest held by Mr. Hayes. The consideration paid by Mrs. Hayes for such undivided one-half interest of her husband was not grossly inadequate. It is questionable whether Mr. Hayes was insolvent at the time the deed was executed.

Counsel for plaintiff claim that the court excluded offered testimony upon the subject of insolvency of Mr. Hayes in January, 1924, and also excluded testimony offered to show the value of the property at that time, and now ask reversal of the decree and remand of the case to take the excluded testimony. Counsel should have taken such testimony under the provisions of 3 Comp. Laws 1915, § 12493, or at least have asked the court for leave to do so. It was not sufficient to state upon the record what the testimony would show and then rely upon an exception to its exclusion. Had the practice been followed we

would now have such testimony, and, if material and competent, could use it. One purpose of the statute is to prevent hearing chancery appeals piecemeal, and we decline to reverse the decree for the reason mentioned, and to remand the case to take further evidence.

The decree is affirmed, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.