### CYRANOSKI *v.* KEENAN.

1. ACCOUNTING—JURISDICTION—EVIDENCE.

Defendant's motion to dismiss plaintiff administrator's bill for accounting was properly denied, where plaintiff's proofs disclosed a fiduciary relationship between plaintiff's decedent, a sales manager, and defendant automobile dealer, such proofs being sufficient to justify plaintiff's invocation of equity jurisdiction.

2. APPEAL AND ERROR—ACCOUNTING—SEPARATE RECORD—EVIDENCE.

Evidence presented in suit for accounting against automobile dealer, brought by administrator of estate of sales manager, *held,* not to justify reversal of decree because of excessiveness of award, where defendant failed to request the taking upon separate record of such additional portion of his testimony as might tend effectively to establish his nonindebtedness to plaintiff's decedent.

3. BAILMENT—AUTOMOBILES—PLEADING—EVIDENCE.

Relationship of bailment as to car which plaintiff's decedent, a sales manager, was using at time of his death *held,* not to have been established by defendant automobile dealer in administrator's suit for accounting, where the bailment relation was neither pleaded nor proved.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Accounts and Accounting § 52.
[2] 1 Am Jur, Accounts and Accounting § 65.
[3] 6 Am Jur, Bailments § 366.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BAILMENT—PRE-
SUMPTIONS.

   Whether or not plaintiff's decedent, sales manager for defendant
   automobile dealer, was presumedly negligent as bailee of car
   ·he was using when killed or was presumedly using due care,
   is not determined, where it is not established that relationship
   of bailment existed.

5. ACCOUNTING—INTEREST—DISCRETION OF COURT—EQUITY.

   The question of allowance of interest in suits for accounting ·is
   usually a matter for determination according to the sound
   discretion of the court, based on presented equities.

6. SAME—INTEREST—DISCRETION OF COURT.

   Allowance or disallowance of interest on mutual accounts. in-
   volved in suit for accounting between administrator of estate
   of deceased sales manager and defendant automobile dealer·
   *held,* not shown to have been erroneous, where the accounts
   have been asserted and settled without evidence of an agree-
   ment or understanding that the prevailing party, on striking
   a balance, should receive interest prior to ascertainment.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J.   Submitted April 6, 1961.
(Docket No. 6, Calendar No. 48,486.)   Decided June
28, 1961.

Bill by Donald B. Cyranoski, administrator of the
estate of Daniel A. Cyranoski, deceased, against
Frank Keenan, doing business as Keenan Car Com-
pany, for accounting.   Decree for plaintiff.   Defend-
ant appeals.   Plaintiff cross-appeals.   Affirmed.

*Rom & Newton Dilley* (*Newton Dilley,* of counsel),
for plaintiff.

*Shivel, Phelps, Linsey & Strain* (*Dale M. Strain,*
of counsel), for defendant.

PER CURIAM.   Defendant appeals from a decree
awarding plaintiff, on the latter's bill for an account-

ing against defendant, the sum of $15,105 plus interest on separate sums of the total award, calculated from 2 different dates. The chancellor has presented the essential facts in fair and comprehensive summary:

"This is a bill for an accounting brought in the name of Donald B. Cyranoski as administrator of the estate of Daniel A. Cyranoski, deceased. The plaintiff and the deceased were brothers. Daniel A. Cyranoski met with an accidental death while operating a motor vehicle on January 12, 1957.

"The defendant is engaged in the business of selling used automobiles and deceased had been employed by the company since around 1950. For some years prior to his death he had acted as sales manager for the company. Plaintiff claims that the defendant was indebted to the deceased at the time of his death on several accounts.

"1. A loan from the deceased to defendant on November 26, 1956, in the amount of $7,500.

"2. Sale of a Buick automobile on November 2, 1954, in the amount of $1,930.

"3. A sales bonus for 1955 in amount of $3,000.

"4. A sales bonus for 1956 in amount of $3,900.

"5. Unpaid wages for 2 weeks in 1957 in the amount of $300. Also claimed interest as due on first 4 items.

"Since the plaintiff invoked the dead man's statute[1] the evidence revolved almost completely around the books of account of the defendant company. Many of the entries were said to be in the handwriting of the deceased. The defendant admitted items of the loan of $7,500; the car sale; and admitted that there was due to the deceased in the way of a 1956 bonus the sum of $2,000. Defendant also claimed that the alleged bonus for 1955 of $3,000 had been paid, and that all salary to the date of deceased's death had been paid. The defendant also claimed a set-off.

---

[1] See CL 1948, § 617.65 (Stat Ann § 27.914).—REPORTER.

"It is apparent that the deceased and the defendant worked in close co-operation and that the defendant was greatly in the confidence of the deceased because no evidence of defendant's obligation was given to the deceased and therefore resort was necessarily to the record. How accurate or reliable these have been are subject to some reasonable doubt in some of the particulars relating to the transactions between the parties."

Defendant's motion to dismiss, assigning availability of an adequate remedy at law, was denied. Defendant thereupon filed an answer, which answer included a notice of "set-off and recoupment" the substance of which was that an automobile (owned by defendant and valued at $1,515) was negligently demolished by plaintiff's decedent in the accident which took the latter's life. As to such "set-off and recoupment" the chancellor held that plaintiff's decedent would have been liable to defendant—for destruction of the car—only as bailee and, there being no proof that plaintiff's decedent was actionably negligent, that defendant could not recover upon the asserted counterclaim.

The questions defendant would have us review are whether Judge Taylor should have granted his motion to dismiss; whether defendant should have been permitted to testify to matters equally within the knowledge of plaintiff's decedent "after having been called as a witness, and examined as to such matters, by plaintiff's attorney;" and whether the judge should have "allowed defendant a set-off  *  *  *  as a result of the demolition of one of defendant's cars by plaintiff's decedent."

*First:* We agree with plaintiff that the proof relevantly discloses a fiduciary relationship between plaintiff's decedent and defendant sufficient to justify invocation by plaintiff of equity's concurrent

jurisdiction, the nature of which Professor Pomeroy has considered at length in part 4, group 7, chapter 2 of his work on equity jurisprudence,[2] and that defendant's motion to dismiss, assigning presence of an adequate remedy at law, was on that account properly denied.

*Second:* We find no ground for reversal here. Defendant failed to request the taking upon separate record of such additional portion of his testimony as might tend effectively to establish nonindebtedness to plaintiff's decedent by him. The limited amount of defendant's actually received testimony, as to matters equally within the decedent's knowledge, which testimony is shown in defendant's appendix, does not convince as against the documentary proof and the chancellor's finding thereon that the decretal award is excessive. Such testimony is limited to a manifestly self-serving asseveration by defendant that he paid the decedent "a bonus of $3,000" in cash and that the decedent thereafter made no claim of nonpayment of said bonus.

The trouble with defendant's complaint under this heading is that he has not brought here, and did not ask the chancellor's aid in bringing here, that comprehensive record of defendant's testimony which might enable us to ascertain its value as well as competence. See *Counihan* v. *Hayes,* 246 Mich 390; *Kerns* v. *Kerns,* 303 Mich 23; *Serbinoff* v. *Dukas,* 348 Mich 69; *Bujalski* v. *Metzler Motor Sales Co.,* 353 Mich 493; and *Lazerow* v. *Lazerow,* 362 Mich 27.

---

[2] "§ 1420. Origin of the Equitable Jurisdiction.—The action of account-render was one of the most ancient actions known to the common law. From the narrow scope and technical rules of this action, the inability of common-law courts to obtain a discovery from the defendant on his oath, the difficulty met with in cases of mutual and complicated accounts, and the impossibility of otherwise doing complete justice, it is easy to understand why the action of account-render fell into disuse, and a jurisdiction in equity to entertain suits for an accounting grew up." 4 Pomeroy's Equity Jurisprudence (5th ed), § 1420, p 1076.

*Third:* Plaintiff insists that defendant, having the burden of proof in such regard, failed to establish that the relationship of decedent to defendant was that of bailee of the latter's car. We agree. Defendant's said "set-off and recoupment" does not allege the claimed relationship[3] and there is no proof of the nature of the claimed contract of bailment if in fact or law such contract came into existence. If anything, on the face of this discursive record, the sole inference is that plaintiff's decedent was at the time engaged in the course of his employment by defendant. Thus we decline consideration and decision of an argued conflict between the claimed presumption of negligence on the part of decedent (as bailee) and the countering presumption that he exercised due care. Such a decision calls for a more thorough record of facts to determine whether plaintiff or defendant bore the ultimate burden of persuasion. As Wigmore says (9 Wigmore on Evidence [3d ed], § 2493, pp 292, 293):

"This shifting of the duty of production of evidence, by reason of the successive invocation of different presumptions, may create a complicated situation difficult to work out; but it can more properly be spoken of as a case of successive presumptions than of conflicting presumptions; and the ultimate key to the situation is very often found by ascertaining the incidence of the burden of proof in the

---

[3] Defendant's pleaded "set-off and recoupment" reads as follows: "Further answering said bill of complaint, and by way of set-off and recoupment, this defendant claims that the car that was used by plaintiff's decedent at the time of his death was owned by this defendant, and that plaintiff's decedent was allowed to use the car for his convenience. That the car was damaged in the amount of $1,515. That plaintiff's decedent also purchased some furniture from this defendant in the amount of $150, and a camera for $35. That plaintiff's decedent also had an advance of $374, so that plaintiff's estate is indebted to defendant in the amount of $2,074.

"Wherefore, defendant claims a set-off in the amount of $2,074 against the claims of plaintiff as alleged in his bill of complaint as admitted in the answer of defendant filed in this cause."

other sense, *i.e.* the ultimate risk of nonpersuasion."

A final question remains. The principal item of the total decreed amount was a conceded "loan" by the decedent to defendant in the sum of $7,500. With respect to this item only the chancellor allowed interest to plaintiff's satisfaction. As to the remaining amount decreed the claimed accrual of interest (prior to decree) was denied. By cross appeal plaintiff insists that the decree should be modified "so as to allow plaintiff interest on all 5 of the sums claimed by plaintiff in this cause, rather than on the $7,500 loan only, from their respective due dates, from January 12, 1957, or from May 1, 1957, as this Court may determine is agreeable to equity and good conscience."

We are in equity. Plaintiff sought and obtained equity's aid by way of an accounting. The only evidence of plaintiff's right to such accounting appeared in defendant's business records and they were deficient of proof or inference that the parties intended the running of interest on these disputed items. Further, there is no proof of a demand by the decedent for payment of such disputed items.

The question of allowance of interest in suits for accounting is usually a matter for determination according to sound discretion based on presented equities. See collection of authorities in 47 CJS, Interest, § 3, pp 13, 14. The text reads:

"*In equity.* Courts of equity, in decreeing or refusing interest, generally follow the law; and, on the other hand, it has been said that courts of law are sometimes affected by equitable considerations in the allowance of interest. Nevertheless, interest is sometimes allowed by courts of equity, in the exercise of a sound discretion, when it would not be

recoverable at law. These courts, it has been said, will, in their discretion, allow or withhold interest as, under all the circumstances of the case, seems equitable and just, except in cases where interest is recoverable as a matter of right."

Here there is no ground for holding that equity's discretion, with respect to allowance or disallowance of interest, has been abused. This is especially so where mutual accounts have been asserted and settled without evidence of an agreement or understanding that the prevailing party, on striking or determining a balance, should receive interest prior to ascertainment thereof.

Decree affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.