McCLURE v McCLURE

1. DIVORCE—PARENT AND CHILD—CHILD SUPPORT—DISCRETION OF TRIAL COURT.

The awarding of interest on a child support arrearage in a divorce action must be left to the sound discretion of the trial judge.

2. EQUITY—INTEREST AWARDS—DISCRETION OF TRIAL COURT.

The question of interest in equitable actions is a matter for the trial court's discretion.

3. DIVORCE—SUPPORT PAYMENTS—ARREARAGES—TRIAL COURT—APPEAL AND ERROR—ABUSE OF DISCRETION.

A trial judge has the power to set the final figure regarding support arrearage in a divorce action and review by the Court of Appeals should be limited to determining whether there was an abuse of discretion.

Appeal from Lenawee, Rex B. Martin, J. Submitted April 13, 1977, at Grand Rapids. (Docket No. 29067.) Decided May 17, 1977.

Complaint by Monica McClure against Paul McClure seeking a divorce. Judgment for plaintiff. Defendant ordered to pay child support arrearage but not including statutory interest on arrearage. Plaintiff appeals. Affirmed.

*Walker, Watts, Timms & Sheridan,* for plaintiff.

Before: D. E. HOLBROOK, P. J., and BASHARA and R. E. A. BOYLE,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 24 Am Jur 2d, Divorce and Separation §§ 839, 862.
[2] 45 Am Jur 2d, Interest and Usury § 60.
[3] 5 Am Jur 2d, Appeal and Error § 259.
  * Circuit judge, sitting on the Court of Appeals by assignment.

BASHARA, J. The sole question to be decided in this appeal is whether the trial judge erred in failing to add interest to child support arrearage in a divorce action.

The record reveals that the parties were divorced in 1965. The plaintiff was awarded custody of two minor boys and defendant was ordered to pay child support. Since the entry of the judgment, defendant has been the subject of numerous show cause orders for support.

In 1973, the defendant was declared disabled by the Social Security Administration and the plaintiff commenced receiving social security benefits allotted to the two children. After an unsuccessful petition in 1974, the trial court modified the judgment in June of 1975 to grant custody of the boys to the defendant.

The modification order found defendant owing $7,000 for child support arrearage as of the date custody was changed. In April of 1976 the parties filed a stipulation that social security benefits received by plaintiff reduced the arrearage to $3,-917. The defendant contended that he should receive credit for summer periods when he had physical custody of the children. The plaintiff maintained she should be awarded interest on the arrearage.

The trial court rejected both claims and established the arrearage at $3,917, ordering the defendant to pay it at the rate of $125 per month.

The plaintiff contends that the trial court erred in not granting interest. She argues that MCLA 600.6013; MSA 27A.6013 mandates that interest shall be allowed on any money judgment. We are unable to find any Michigan precedent on this precise issue.

It is the opinion of this Court that the awarding of interest on arrearage in a divorce action must be left to the sound discretion of the trial judge.

In *Cyranoski v Keenan,* 363 Mich 288, 295; 109 NW2d 815 (1961),[1] the Michigan Supreme Court ruled that in equitable actions the question of interest is a matter for the trial court's discretion. The Court stated:

"Here there is no ground for holding that equity's discretion, with respect to allowance or disallowance of interest, has been abused. This is especially so where mutual accounts have been asserted and settled without evidence of an agreement or understanding that the prevailing party, on striking or determining a balance, should receive interest prior to ascertainment thereof."

In a well reasoned opinion this Court has also held, in an equitable action for accounting, that the trial court may use its discretion as to the allowance or withholding of interest. *Taines v Munson,* 19 Mich App 29; 172 NW2d 217 (1969). The case cites the language above quoted from *Cyranoski v Keenan, supra.*

Finally, we must note that the trial judge has the power to set the final figure regarding support arrearage in a divorce action. Here he rejected defendant's claim for credit during summer visitation as well as plaintiff's claim for interest. Where such power is vested in the trial court, our review should be limited to determining whether there was an abuse of discretion.

Affirmed. Costs to defendant.

---

[1] The decision in *Cyranoski v Keenan, supra,* was decided prior to the enactment of the present statute, MCLA 600.6013; MSA 27A.6013. However, 1948 CL 623.20, which was effective at that time, is similar to present legislation for purposes of this discussion.