YOUMANS v YOUMANS

Docket No. 54583. Submitted May 6, 1981, at Grand Rapids.—Decided
    July 31, 1981.

Donna L. Youmans brought an action for divorce against James
    A. Youmans. The parties agreed on all issues except whether
    interest should accrue on the agreed-upon value of defendant's
    share of the equity in the marital home during the agreed-upon
    period of suspension of its payment. Kent Circuit Court, Wood-
    row A. Yared, J., held that defendant was not entitled to such
    interest. Defendant appeals. *Held:*

    The trial court properly denied an award of interest to
    defendant on the agreed-upon value of his share of the equity
    in the marital home during suspension of its payment. An
    equitable real estate lien is not a money judgment for the
    purpose of the statutory accrual of interest. In addition, the
    trial court properly found that the circumstances of the case
    did not warrant an award of interest.

    Affirmed.

1. Divorce — Judgments — Equitable Liens — Interest on Judg-
    ments — Statutes.

    That section of the Revised Judicature Act which allows interest
    to accrue from the date of a money judgment until the date of
    satisfaction does not apply to the equitable suspension of a
    partner's share of marital assets in the form of an equitable
    real estate lien pursuant to a judgment of divorce absent a
    specific award by the court in its discretion (MCL 600.6013;
    MSA 27A.6013).

2. Divorce — Judgments — Equitable Liens — Interest on Judg-
    ments — Statutes.

    An equitable lien on real estate imposed in favor of one of the
    parties pursuant to a judgment of divorce is not a money
    judgment for the purpose of the statutory accrual of interest on
    a judgment (MCL 600.6013; MSA 27A.6013).

References for Points in Headnotes
[1, 2] 45 Am Jur 2d, Interest and Usury §§ 60, 97.
    51 Am Jur 2d, Liens § 22 *et seq.*

Legal Aid of Western Michigan (by *Robert W. Archer),* for plaintiff.

*Dilley & Dilley,* for defendant.

Before: MacKenzie, P.J., and R. B. Burns and J. N. O'Brien,* JJ.

Per Curiam. This appeal arises from a divorce action heard September 4, 1980, in Kent County Circuit Court. The parties agreed on various issues including alimony, custody, support, visitation of the child, and division of personal and real property. The defendant's share of the value of the house was agreed to be $12,070, or one-half the equity. The parties disagreed on only one issue, and that was whether the defendant's equity should accrue interest while its payment was suspended under the otherwise agreed-upon provisions of the proposed judgment.

The agreed-upon provisions of the judgment of divorce provided:

"IT IS FURTHER ORDERED AND ADJUDGED that the defendant, James A. Youmans, shall have a lien against said property in the amount of $12,070.00 to be paid upon the first happening of the following contingencies:

"1. Plaintiff's remarriage or death.

"2. Plaintiff's ceasing to use the property as a residence.

"3. The minor child attaining the age of 18 years.

"4. Plaintiff occupying the residence with a male person not a member of her family.

"5. Sale of property."

The trial judge ruled on the single issue, that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant was not entitled to any interest on the lien prior to the occurrence of any of the agreed-upon conditions. Defendant appeals this decision.

The question on appeal is whether the failure to award interest on the amount of a lien granted in an equitable divorce decree is a violation of MCL 600.6013; MSA 27A.6013. This appears to be a question of first impression in Michigan.

MCL 600.6013; MSA 27A.6013 provides for interest on any money judgment recovered in a civil action. This Court finds that an equitable real estate lien pursuant to a judgment of divorce is not a money judgment as contemplated by MCL 600.6013; MSA 27A.6013. Therefore, the statute has no application to an equitable suspension of a domestic partner's share, unless the chancellor so orders.

Although MCL 600.6013; MSA 27A.6013 does not necessitate the awarding of interest in this case, the question remains whether the trial court abused its discretion in failing to award such interest.

The facts do not indicate an abuse of discretion by the trial judge. The record discloses that the judge considered the totality of the problem involved in a divorce involving a minor child. Plaintiff is not receiving any alimony. She has an equal burden of supporting, raising and caring for the minor child of the parties. Defendant contends that it is unconscionable to deny him interest for the use of his money during these inflationary times. However, plaintiff's share of the property settlement is also suspended by the same terms. The trial judge found it necessary for both parties to make these contributions for the continued welfare of their child.

Affirmed.