SABER v SABER

Docket No. 80424. Submitted May 22, 1985, at Marquette.—Decided
    October 7, 1985.

Plaintiff, Ingrid Saber, and defendant, Rassul Sedg Saber, were
    divorced in the Chippewa Circuit Court. Plaintiff was awarded
    a sum of money as part of the property division. Plaintiff
    moved for prejudgment interest on the amount, which was
    denied, although post-judgment interest was awarded on any
    unpaid balance. Plaintiff appealed. *Held:*

    1. A sum of money awarded as part of a property distribution
    in a divorce action is not a money judgment recovered in a civil
    case for which prejudgment interest must be awarded.

    2. The court did not abuse its discretion in the award of
    interest.

    Affirmed.

1. INTEREST — JUDGMENT INTEREST.

    The purpose of an award of judgment interest is to compensate
    the prevailing party for the expenses incurred in bringing an
    action and for the delay in receiving money damages (MCL
    600.6013; MSA 27A.6013).

2. INTEREST — JUDGMENT INTEREST — EQUITY.

    The imposition of statutory interest on a money judgment recov-
    ered in a civil action is mandatory in cases to which the statute
    applies; the award of prejudgment interest in equitable actions
    is within the discretion of the trial court (MCL 600.6013; MSA
    27A.6013).

3. DIVORCE — PROPERTY DIVISION — JUDGMENTS — INTEREST.

    A sum of money awarded as part of a property distribution in a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Interest and Usury §§ 59-62.
    Retrospective application and effect of state statute or rule allowing
    interest or changing rate of interest on judgments or verdicts. 41
    ALR4th 694.
[3] Am Jur 2d, Divorce and Separation §§ 930 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Divorce
    and Separation.

divorce action is not a money judgment recovered in a civil case for which prejudgment interest is mandatory (MCL 600.6013; MSA 27A.6013).

*Moher, Andary & Cannello* (by *Steven J. Cannelllo),* for plaintiff.

*Brown & Brown* (by *Prentiss M. Brown, Jr.).* for defendant.

Before: Cynar, P.J., and Hood and R. L. Olzark,* JJ.

R. L. Olazrk, J. Plaintiff appeals as of right from a circuit court order denying plaintiff's request for prejudgment interest on a judgment of divorce.

On May 6, 1982, plaintiff filed a complaint for divorce. The judgment of divorce was entered on April 3, 1984. A second judgment was subsequently entered on August 27, 1984. In the property provisions of the judgments, plaintiff was awarded $235,000. This sum was to be reduced to $215,800 to reflect the value of the three real estate lots and a certificate of deposit held by plaintiff. Plaintiff moved for interest on the judgment. The trial court denied plaintiff's request for interest, except for 12% interest on any balance due and not paid before September 17, 1984.

On appeal, plaintiff claims that she is entitled to interest from the date of the filing of the complaint to the date of satisfaction pursuant to the prejudgment interest statute. MCL 600.6013; MSA 27A.6013 provides inpart:

"(1) Interest shall be allowed on a *money judgment recovered in a civil action,* as provided in this section.

\* \* \*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(4) For complaints filed on or after June 1, 1980, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually * * *." (Emphasis added.)

The purpose of an award of interest pursuant to MCL 600.6013; MSA 27A.6013 is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Wood v DAIIE,* 99 Mich App 701, 709; 299 NW2d 370 (1980), *rev'd in part on other grounds* 413 Mich 573; 321 NW2d 653 (1982). An award of interest under MCL 600.6013; MSA 27A.6013 is mandatory in cases to which the statute applies. *In re Cole Estate,* 120 Mich App 539, 550; 328 NW2d 76 (1982). In equitable actions, however, the question of interest is a discretionary matter for the trial court. *Cyranoski v Keenan,* 363 Mich 288; 109 NW2d 815 (1961); *L A Young Spring & Wire Corp v Falls,* 307 Mich 69; 11 NW2d 329 (1943).

The issue in the present case—whether a sum of money awarded as part of the property distribution in a divorce action is a "money judgment recovered in a civil action"—is one of first impression. This Court, however, has considered the applicability of the prejudgment interest statute to other equitable awards. In *McClure v McClure,* 75 Mich App 715, 717; 255 NW2d 743 (1977), the Court held that MCL 600.6013; MSA 27A.6013 does not mandate that prejudgment interest be added to a child support arrearage in a divorce action. This Court also has held that an equitable real estate lien awarded in a divorce action is not a money judgment recovered in a civil action as contemplated in MCL 600.6013; MSA 27A.6013. *Youmans v Youmans,* 108 Mich App 597, 599; 310

NW2d 809 (1981). In *Moore v Carney,* 84 Mich App 399, 403-406; 269 NW2d 614 (1978), it was determined that a judgment which ordered a shareholder's stock to be purchased was an equitable remedy and not a money judgment to which the prejudment interest statute applied. In reaching this determination, the Court noted that a "money judgment" is defined in Black's Law Dictionary (4th ed), p 980, as "[o]ne which adjudges the payment of a sum of money, as distinguished from one directing an act to be done or property to be restored or transferred." *Carney, supra,* p 404.

In *In re Cole Estate, supra,* p 551, this Court held that a probate court order awarding a widow a forced share of an estate is not a "money judgment recovered in a civil action" as the term is used in MCL 600.6013; MSA 27A.6013. Although part of the Court's reasoning was based on the fact that the action was one in probate court, the Court also reasoned:

"Statutes should be construed, where possible, to give effect to their purpose. See, for example, *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948). Damages are awarded in an ordinary civil action to compensate the plaintiff for loss. By compensating a prevailing party for expenses in bringing an action and for the delay in receiving money damages, MCL 600.6013; MSA 27A.6013 furthers the purpose of compensating the plaintiff for loss. A widow does not receive a forced share of her husband's estate to compensate her for loss in the same sense that a tort or contract plaintiff receives a money judgment for damages to compensate him for loss. A widow has no right to receive a forced share of her husband's estate before such a share is assigned to her in the ordinary course of probate. A certain amount of delay and expense is inherent in any probate proceeding. An award of interest pursuant to MCL 600.6013; MSA 27A.6013 on a widow's forced share would not effectuate the legislative

purpose of compensation for loss, because a widow loses nothing to which she was entitled by the delay and expense of probate proceedings. In this connection, we note that an award of· interest on a widow's forced share of the estate would reduce the assets of the estate and thus come at the expense of other heirs and devisees, each of whom has also suffered the delay and expense of probate proceedings." *In re Cole Estate, supra,* pp 550-551.

Similarly, in a divorce action, the court does not compensate a party for loss but rather seeks an equitable distribution of property. To award interest from the date of the complaint, as mandated by MCL 600.6013; MSA 27A.6013, would not effectuate the legislative purpose of compensating a plaintiff for a loss of use of the funds. Therefore, we find that a property distribution in a. divorce judgment is not a money judgment within the meaning of MCL 600.6013; MSA 27A.6013.

Although MCL 600.6013; MSA 27A.6013 does not mandate an award of interest in this case, the trial court had the discretion to allow or withhold interest. *Keenan, supra,* p 295; *Youmans, supra,* p 599. The trial court considered the issue and denied plaintiff's request for interest except for 12% interest on any balance due but not paid before September 17, 1984. There is nothing in the record to indicate an abuse of discretion by the trial judge.

Affirmed.