LAWRENCE v LAWRENCE

Docket No. 81189. Submitted July 25, 1985, at Detroit.—Decided March 18, 1986.

Plaintiff, Anne N. Lawrence, and defendant, Stanley Lawrence, were divorced in the Oakland Circuit Court. The divorce judgment granted defendant a sum of money which was to be paid by plaintiff four years from the date of the judgment and was secured by a lien on real property. Plaintiff did not pay the sum within four years after the judgment. The court, Fred M. Mester, J., granted defendant 12% interest from the date the sum was due to be paid. Plaintiff appealed. *Held:*

A judgment entered in a divorce action to effectuate a property division is not a money judgment recovered in a civil action for which prejudgment interest is mandatory and the existence of a lien to secure the payment is irrelevant to the issue of the right to prejudgment interest. A court may, however, in the exercise of its equity powers award prejudgment interest on such a judgment.

Affirmed.

Dɪᴠᴏʀᴄᴇ — Pʀᴏᴘᴇʀᴛʏ Dɪᴠɪsɪᴏɴ — Jᴜᴅɢᴍᴇɴᴛs — Iɴᴛᴇʀᴇsᴛ.

A judgment entered in a divorce action to effectuate a property division is not a money judgment recovered in a civil action for which prejudgment interest is mandatory and the existence of a lien to secure the payment is irrelevant to the issue of the right to prejudgment interest; a court may, however, in the exercise of its equity powers award prejudgment interest on such a judgment (MCL 600.6013; MSA 27A.6013).

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, Divorce and Separation §§ 771-782, 864-962.

Am Jur 2d, Interest and Usury §§ 59, 60.

Retrospective application and effect of state statute or rule allowing interest or changing rate of interest on judgments or verdicts. 41 ALR4th 694.

Right to interest, pending appeal, of judgment creditor appealing unsuccessfully on grounds of inadequacy. 15 ALR3d 411.

Date from which interest on judgment starts running, as affected by modification of amount of judgment on appeal. 4 ALR3d 1221.

*Dennis E. Moffett,* for plaintiff.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Jon H. Kingsepp),* for defendant.

Before: Gribbs, P.J., and T. M. Burns and M. Warshawsky,[*] JJ.

Per Curiam. Plaintiff appeals as of right from an order entered on October 4, 1984, in the Oakland County Circuit Court which granted defendant 12% interest on an overdue amount of money in the parties' divorce judgment reserved for defendant by a lien. The parties' judgment of divorce was entered on January 16, 1980, made *nunc pro tunc* to August 20, 1979. The order provided in pertinent part:

"IT IS FURTHER ORDERED the defendant shall execute a quit claim deed conveying his interest in and to the above described property, but reserving unto himself a lien in the amount of Twenty-two Thousand Four Hundred Fifty ($22,450.00) Dollars, *which lien shall be paid to him upon the first occurrence of the following:* when the house is sold, when the house is vacated as the minor child's full time residence, the remarriage of the plaintiff, or the plaintiff's cohabitation with a person of the opposite sex, *or four (4) years from and after the date of the entry of the judgment of divorce.*
"IT IS FURTHER ORDERED AND ADJUDGED that the following property shall be awarded to the defendant free and clear of any right, claim or interest of the plaintiff except as noted herein:
"1. A lien in the amount of Twenty-two Thousand Four Hundred Fifty ($22,450.00) Dollars on marital premises occupied by the plaintiff." (Emphasis supplied.)

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff failed to pay the lien to defendant by August 20, 1983, four years after entry of the judgment *nunc pro tunc.* Therefore, defendant moved for entry of a judgment against plaintiff for $22,450 plus 12% interest. In lieu of granting the requested relief and on stipulation of the parties, the circuit court entered an order on March 21, 1984, which gave plaintiff three months to sell the marital home before a receiver would be appointed to assume such duties and reserved the question of whether interest would be applied on the overdue amount. On June 14, 1984, the court granted plaintiff a 90-day extension to complete the sale of the marital home. Plaintiff apparently consummated the sale on August 28, 1984.

Plaintiff filed a motion and affidavit on August 29, 1984, stating that defendant failed to pay her certain monies in accordance with the property settlement and seeking an order which would allow a deduction of $2,900 from the money owed to defendant pursuant to the lien. Defendant also filed a motion on August 29, 1984, seeking 12% interest on the $22,450 from August 20, 1979, to August 28, 1984, pursuant to MCL 600.6013; MSA 27A.6013. At a hearing on September 12, 1984, plaintiff postponed argument on her motion. However, the court partially granted defendant's motion at the hearing, awarding interest at the rate of 12% on the $22,450 from August 20, 1983, to August 29, 1984. It is from this order, entered on October 4, 1984, that plaintiff appeals as of right.

Defendant requested interest for the period during which payment of the lien was suspended (August 20, 1979, to August 20, 1983) and the period for which payment of the lien was overdue (August 20, 1983, to August 29, 1984). Defendant represented that the court could award interest pursuant to MCL 600.6013; MSA 27A.6013, which

is the judgment interest statute. The court granted interest only for the period that payment was overdue, but did not specify whether the award was based on MCL 600.6013; MSA 27A.6013 or his power as chancellor in equity. We find that interest could not have been based upon the judgment interest statute but could properly be based on the court's equitable powers. Accordingly, we affirm the lower court order.

This Court recently held in *Saber v Saber,* 146 Mich App 108; 379 NW2d 478 (1985), that a sum of money awarded as part of the property distribution in a divorce action is not a "money judgment recovered in a civil action" for purposes of applying prejudgment interest under MCL 600.6013; MSA 27A.6013. In *Saber,* the plaintiff in a divorce action claimed that she was entitled to interest on a sum of money awarded to her in the divorce judgment, dating from the filing of the complaint to the date of satisfaction. This Court determined that the plaintiff was not entitled to prejudgment interest under the prejudgment interest statute cited above, but that the trial judge had the discretion to allow or withhold interest.

We agree with the holding in *Saber* and believe that a judgment entered in a divorce action in order to effectuate a property division is not a "money judgment recovered in a civil action" as contemplated by MCL 600.6013; MSA 27A.6013.[1]

---

[1] As noted in *Saber, supra,* in a divorce action the court does not compensate a party for loss, but rather seeks an equitable distribution of property. While a judgment is entered which may require one party to transfer money to the other, the money transfer is done only to effectuate the property division. Neither party "wins" or "loses".

See and compare *Farley v Fischer,* 137 Mich App 668; 358 NW2d 34 (1984), with *Saber, supra.* In *Farley,* the plaintiff husband brought a separate action on an amount overdue pursuant to a prior divorce judgment and obtained a money judgment from the court. This Court held that MCL 600.6013; MSA 27A.6013 was applicable to the money judgment. We express no comment on the validity of the separate action in *Farley.*

Thus, in the instant case, the court could not have properly granted interest pursuant to the statute.

This position may also be supported to some extent by *Youmans v Youmans,* 108 Mich App 597; 310 NW2d 809 (1981). In that case, the parties' property settlement was similar to that in the judgment herein, in that the defendant was granted a lien on the marital home payable on the happening of various contingencies. The defendant argued that he was entitled to payment of interest pursuant to MCL 600.6013; MSA 27A.6013 for the period that payment of the lien was suspended, *i.e.,* prior to the occurrence of one of the contingencies. This Court rejected the argument, stating:

"MCL 600.6013; MSA 27A.6013 provides for interest on any money judgment recovered in a civil action. This Court finds that *an equitable real estate lien pursuant to a judgment of divorce is not a money judgment as contemplated by MCL 600.6013; MSA 27A.6013.* Therefore, the statute has no application to an equitable suspension of a domestic partner's share, unless the chancellor so orders." (Emphasis added.) 108 Mich App 599.

To some extent, the *Youmans* Court may have focused solely on the fact that a "lien" was involved. However, we view the existence of a lien as being irrelevant. When a circuit court provides a lien on a marital home or other property, it impliedly grants money to one of the parties. A lien is a security interest and, unless some money or property is owed by one party to the other, the lien secures payment of nothing. It is only when the amount which is owed becomes due and is not paid that the lien may be enforced. We interpret the circuit court's grant of a lien as implying that the court wished also to provide for money to be paid by one party to the other as a method of

dividing the property. A divorce judgment which provides for money payments is subject to execution without bringing an independent action for a money judgment. *Cf. Landy v Landy,* 131 Mich App 519; 345 NW2d 720 (1984), *lv den* 419 Mich 937 (1984). A lien simply gives some additional assurance to the party that he or she will be paid. A lien or a provision calling for the payment of money in no way alters the nature of the judgment to something other than a divorce judgment. A divorce judgment providing for property distribution is not a money judgment in a civil action as contemplated by MCL 600.6013; MSA 27A.6013.

In *Youmans,* this Court went on to indicate that, although interest was not statutorily required, the trial court in its discretion could award interest. The *Youmans* Court, however, found no abuse of discretion by the lower court in denying interest where it appeared that the denial was made in consideration of the welfare of the parties' child.

We do not reverse the order granted here because we find that the court could have properly exercised its equitable powers in granting the interest on the amounts granted in the divorce judgment. The power of the court to award interest on amounts granted in divorce judgments was recognized in *Youmans, supra.* Also, in *McClure v McClure,* 75 Mich App 715, 717; 255 NW2d 743 (1977), this Court stated that, "the awarding of interest on arrearage in a divorce action must be *left to the sound discretion of the trial judge".* (Emphasis added.) This discretion also applies to awards of interest on amounts to be paid pursuant to a property division when such amounts are overdue. See *Saber v Saber, supra,* p 112. The court in the present case awarded interest dating from the due date until the date of satisfaction. There was no abuse of discretion.

Affirmed.